**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CUBICLE ENTERPRISES LLC, d/b/a TheCubicle,** | **Case Number 1:18-cv-00963 (JPO)** |
| Plaintiff, | |
| -against- | |
| **RUBIK'S BRAND LIMITED,** | **REPLY, ANSWER, AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS** |
| Defendant. | |
| **RUBIK'S BRAND LIMITED,** | |
| Counterclaim Plaintiff, | |
| -against- | |
| **CUBICLE ENTERPRISES LLC, d/b/a TheCubicle, and PHILLIP YU,** | |
| Counterclaim Defendants. | |

Plaintiff/counterclaim defendant Cubicle Enterprises LLC, d/b/a TheCubicle, ("Cubicle") and counterclaim defendant Phillip Yu (together "Cubicle Parties"), by and through their counsel, Barton LLP, hereby submit their Reply, Answer, and Affirmative Defenses to the Counterclaims of defendant/counterclaim plaintiff Rubik's Brand Limited ("Rubik's") and deny each and every allegation of said Counterclaims, except as admitted or qualified, as follows:

The Cubicle Parties have adopted the headings found in Rubik's' Counterclaims ("RC") for ease of reference. However, to the extent that such headings themselves contain factual or legal statements, allegations, or characterizations, the Cubicle Parties deny those statements, allegations, or characterizations.

## NATURE OF THE ACTION

1.      Paragraph 1 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.

3.      Paragraph 3 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 3 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations, except admit that the Cubicle Parties maintain an office and conduct business in this District.

4.      Paragraph 4 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.

## PARTIES

5.      The Cubicle Parties lack information or knowledge sufficient to admit or deny the allegations of Paragraph 5 of the RC and so deny those allegations.

6.      The Cubicle Parties deny the allegations of Paragraph 6 of the RC, except admit that Cubicle does business as TheCubicle, is a limited liability company organized under New York law, and has its principal place of business at 8 Westchester Plaza, Elmsford, New York 10523.

7.      The Cubicle Parties admit the allegations of Paragraph 7 of the RC.

## RBL'S RUBIK'S CUBE AND TRADEMARKS

8. The Cubicle Parties lack information or knowledge sufficient to admit or deny the allegations of Paragraph 8 of the RC and so deny those allegations.

9. The Cubicle Parties lack information or knowledge sufficient to admit or deny the allegations of Paragraph 9 of the RC and so deny those allegations.

10. The Cubicle Parties lack information or knowledge sufficient to admit or deny the allegations of Paragraph 10 of the RC and so deny those allegations.

11. The Cubicle Parties lack information or knowledge sufficient to admit or deny the allegations of Paragraph 11 of the RC and so deny those allegations, except admit that "the RUBIK'S Design Mark and RUBIK'S CUBE Work Mark...have become and are, extremely well known and are [*sic*] famous."

12. The Cubicle Parties deny the allegations of Paragraph 12 of the RC.

13. Paragraph 13 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 13 of the RC also contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations, except admit that Rubik's purports to annex an item designated as "Exhibit 1" to the RC.

14. Paragraph 14 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 14 of the RC also contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations. However, the Cubicle Parties specifically deny that "...the RUBIK'S CUBE Word Mark has come to

3

symbolize extraordinary goodwill throughout the United States that belongs exclusively to RBL..."

15.    Paragraph 15 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 15 of the RC also contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

16.    Paragraph 16 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 16 of the RC also contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations, except admit that Rubik's purports to annex items designated as Exhibits "2-1," "2-2," "3-1," and "3-2," respectively, to the RC.

17.    Paragraph 17 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 17 of the RC also contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

### CUBICLE'S ACTS OF INFRINGEMENT AND UNFAIR COMPETITION

18.    The Cubicle Parties admit the allegations of Paragraph 18 of the RC.

**I.    Counter-defendants' Infringement of the RUBIK'S' Design Mark, the '094 Registration**

19.    The Cubicle Parties deny the allegations of Paragraph 19 of the RC, except admit that an image of a puzzle cube Cubicle has for sale on its website is captured within Paragraph 19 of the RC.

20.    The Cubicle Parties deny the allegations of Paragraph 20 of the RC, except admit that an image of a puzzle cube Cubicle has for sale on its website is captured within Paragraph 20 of the RC.

21.    Paragraph 21 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 21 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations, except admit that an image of a do-it-yourself kit Cubicle has for sale on its website is captured within Paragraph 21 of the RC.

22.    The Cubicle Parties deny the allegations of Paragraph 22 of the RC, except admit that Cubicle has certain puzzle cubes for sale on its website, and that Rubik's purports to utilize the short-form term "Cubicle's Puzzles" in the RC.

23.    Paragraph 23 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 23 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations. To the extent that Paragraph 23 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

24.    Paragraph 24 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 24 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 24 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

25.    Paragraph 25 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 25 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations. To the extent that Paragraph 25 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

26.    Paragraph 26 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 26 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations. To the extent that Paragraph 26 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

27.    Paragraph 27 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 27 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations. To the extent that Paragraph 27 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

28.    Paragraph 28 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 28 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations. To the extent that Paragraph 28 of the RC further contains allegations of fact

relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

29.     Paragraph 29 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 29 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 29 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

## II.     Counter-defendants' Infringement of the RUBIK'S CUBE Word Mark, The '974 Registration

30.     The Cubicle Parties lack information or knowledge sufficient to admit or deny the allegations of Paragraph 30 of the RC and so deny those allegations.

31.     The Cubicle Parties deny the allegations of Paragraph 31 of the RC, except admit that Mr. Yu works on media matters at Cubicle.

### A.     Counter-defendants' Infringing Web Page And Infringing Videos

32.     The Cubicle Parties deny the allegations of Paragraph 32 of the RC, except admit that the Cubicle Parties have created videos published on Cubicle's website.

33.     The Cubicle Parties deny the allegations of Paragraph 33 of the RC, except admit that Cubicle advertises on its website puzzle cubes for sale and provides visitors to the website with information on how to solve puzzle cubes, and that a screenshot of a portion of Cubicle's website is captured within an item designated as "Exhibit 4" that Rubik's purports to annex to the RC.

34.    The Cubicle Parties deny the allegations of Paragraph 34 of the RC, except admit that Mr. Yu discusses the solving of puzzles and provides certain narration on a video available on Cubicle's website.

35.    Paragraph 35 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 35 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

36.    Paragraph 36 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 36 of the RC also contains allegations of fact relating to Rubik's or other individuals or entities not parties to this action, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations, except admit that Rubik's purports to annex an item designated as "Exhibit 5" to the RC.

37.    Paragraph 37 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 37 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 37 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

38.    Paragraph 38 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 38 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 38 of the RC further contains allegations of fact

relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

39.    Paragraph 39 of the RC, in part, contains allegations of fact, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 39 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations, except admit that Cubicle has published certain videos on its website and YouTube, and that Rubik's purports to annex an item designated as "Exhibit 6" to the RC.

40.    The Cubicle Parties deny the allegations of Paragraph 40 of the RC, except admit that Cubicle has published the videos "How to Solve the Rubik's Cube: Troubleshooting Guide" and "How to Solve the Rubik's Cube: Walkthrough Solves" on its website.

41.    The Cubicle Parties deny the allegations of Paragraph 41 of the RC, except admit that Mr. Yu discusses the solving of puzzles and provides certain narration on a video available on Cubicle's website.

42.    Paragraph 42 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 42 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations, except admit that Rubik's purports to annex items designated as "Exhibit 7" and "Exhibit 8" to the RC.

43.    Paragraph 43 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 43 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

44.     Paragraph 44 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 44 of the RC also contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

### B.  Counter-defendant Cubicle's Infringing Pamphlet

45.     The Cubicle Parties deny the allegations of Paragraph 45 of the RC, except admit that Cubicle has created and published a pamphlet as to solving puzzle cubes on its website and also provides a link to download that pamphlet, and that Rubik's purports to annex an item designated as "Exhibit 4" to the RC.

46.     Paragraph 46 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 46 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 46 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations, except admit that Rubik's purports to annex an item designated as "Exhibit 9" to the RC.

47.     Paragraph 47 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 47 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

48.     The Cubicle Parties lack information or knowledge sufficient to admit or deny the allegations of Paragraph 48 of the RC and so deny those allegations.

49.     Paragraph 49 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.

50.     Paragraph 50 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 50 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 46 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

51.     Paragraph 51 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 51 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 51 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

52.     Paragraph 52 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 52 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 52 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

53.     Paragraph 53 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 53 of the

RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

54.    Paragraph 54 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 54 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 54 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

**FIRST CLAIM FOR RELIEF
AGAINST CUBICLE**

**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS UNDER
LANHAM ACT 15 U.S.C. § 1114(1)(a)**

55.    The Cubicle Parties incorporate by reference their responses above to Paragraphs 1 through 54 of the RC, as if fully restated herein.

56.    Paragraph 56 of the RC, in part, set forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 56 of the RC also contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

57.    Paragraph 57 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 57 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

58.    Paragraph 58 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 58 of the

RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

59.    Paragraph 59 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 59 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 59 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

60.    Paragraph 60 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 60 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 60 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

61.    Paragraph 61 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.

62.    Paragraph 62 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 62 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

63.    Paragraph 63 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 63 of the

RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

64.    Paragraph 64 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 64 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 64 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

65.    Paragraph 65 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 65 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 65 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

## SECOND CLAIM FOR RELIEF
## AGAINST PHILLIP YU

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS UNDER LANHAM ACT 15 U.S.C. § 1114(1)(a)

66.    The Cubicle Parties incorporate by reference their responses above to Paragraphs 1 through 65 of the RC, as if fully restated herein.

67.    Paragraph 67 of the RC, in part, set forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 67 of the RC also contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

14

68.     Paragraph 68 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 68 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 68 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

69.     Paragraph 69 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 69 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 69 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

70.     Paragraph 70 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.

71.     Paragraph 71 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 71 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

72.     Paragraph 72 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 72 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

73.     Paragraph 73 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 73 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

74.     Paragraph 74 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 74 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 74 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

**THIRD CLAIM FOR RELIEF**
**AGAINST CUBICLE AND PHILLIP YU**

**FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a)**

75.     The Cubicle Parties restate and incorporate by reference their responses above to Paragraphs 1 through 74 of the RC, as if fully restated herein.

76.     Paragraph 76 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 76 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 76 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

77.     Paragraph 77 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 77 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those

allegations.  To the extent that Paragraph 77 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

78.     Paragraph 78 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.

79.     Paragraph 79 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 79 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

80.     Paragraph 80 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 80 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

81.     Paragraph 81 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 81 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

82.     Paragraph 82 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 82 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 82 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

## FOURTH CLAIM FOR RELIEF
## AGAINST CUBICLE AND PHILLIP YU

### TRADEMARK DILUTION UNDER LANHAM ACT 15 U.S.C. § 1125(c)

83.    The Cubicle Parties incorporate by reference their responses above to Paragraphs 1 through 82 of the RC, as if fully restated herein.

84.    Paragraph 84 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 84 of the RC also contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

85.    The Cubicle Parties lack information or knowledge sufficient to admit or deny the allegations of Paragraph 85 of the RC and so deny those allegations, except admit that Rubik's' purported marks have been used for many years and are famous.

86.    Paragraph 86 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.

87.    Paragraph 87 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 87 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 87 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

88.    Paragraph 88 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.

89.    Paragraph 89 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 89 of the

RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

90.    Paragraph 90 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.

91.    Paragraph 91 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 91 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

92.    Paragraph 92 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 92 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

93.    Paragraph 93 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 93 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 93 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

## FIFTH CLAIM FOR RELIEF
## AGAINST CUBICLE AND PHILLIP YU

### UNFAIR BUSINESS PRACTICES UNDER N.Y. GEN. BUS. LAW § 360-1

94.     The Cubicle Parties incorporate by reference their responses above to Paragraphs 1 through 93 of the RC, as if fully restated herein.

95.     Paragraph 95 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 94 of the RC also contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

96.     Paragraph 96 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 96 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

97.     Paragraph 97 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 97 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 97 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

98.     Paragraph 98 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 98 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 98 of the RC further contains allegations of fact

relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

## SIXTH CLAIM FOR RELIEF
## AGAINST CUBICLE AND PHILLIP YU

### COMMON LAW TRADEMARK INFRINGEMENT

99.    The Cubicle Parties incorporate by reference their responses above to Paragraphs 1 through 98 of the RC, as if fully restated herein.

100.    Paragraph 100 of the RC sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.

101.    Paragraph 101 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond. To the extent that Paragraph 101 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.

102.    Paragraph 102 of the RC, in part, sets forth purported legal conclusions, to which the Cubicle Parties have no present obligation to respond.  To the extent that Paragraph 102 of the RC also contains allegations of fact relating to the Cubicle Parties, the Cubicle Parties deny those allegations.  To the extent that Paragraph 102 of the RC further contains allegations of fact relating to Rubik's, the Cubicle Parties lack information or knowledge sufficient to admit or deny those allegations and so deny those allegations.

## FURTHER REPLY, ANSWER, AND AFFIRMATIVE DEFENSES

103.    Further to their Reply and Answer, without assuming any burden that they would otherwise not bear under applicable laws and rules, and specifically reserving their rights to propound other affirmative defenses as additional information or materials become available through discovery or otherwise, the Cubicle Parties deny that (i) they are liable to Rubik's on any

of the purported Claims For Relief alleged in the RC, and (ii) Rubik's is entitled to (a) any

alleged damages, in the form of treble, compensatory, or any other form or type of damages,

(b) any form or type of injunction, (c) any Order or direction from the Court that the Cubicle

Parties provide any sworn statement whatsoever to Rubik's, (d) any Order or direction from the

Court that the Cubicle Parties deliver or turn over to Rubik's anything for any reason or purpose,

(e) any Order or direction from the Court whatsoever with respect to Cubicle's website,

(f) any Order or direction from the Court as to the goods and services of the Cubicle Parties,

(g) any accounting by or on behalf of Rubik's, (h) any Order or direction related to restitution to

Rubik's of anything, (i) any Order or direction with respect to the discharge of the Cubicle

Parties, (j) any form or type of costs, attorneys' fees, investigators' fees, and pre-Judgment and

post-Judgment interest, (k) any Order or direction from the Court that it retain jurisdiction over

this action for any reason or purpose whatsoever, and (l) any other and further form or type of

relief whatsoever. In addition, the Cubicle Parties propound the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

104.    The RC, in and as to all of its purported Claims For Relief, fails to state a claim upon which relief can be granted against either and/or both of the Cubicle Parties.

## SECOND AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

105.    The governing statutes of limitations bar, in whole or in part, all of the purported Claims For Relief in the RC against either and/or both of the Cubicle Parties.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence, and Estoppel)

106.    The doctrines of waiver, acquiescence, and estoppel bar, in whole or in part, all of the purported Claims For Relief in the RC against either and/or both of the Cubicle Parties.

## FOURTH AFFIRMATIVE DEFENSE
### (No Causation)

107.    The fact that neither of the Cubicle Parties caused Rubik's' purported damages, if any, bars all of the Claims For Relief in the RC against either and/or both of the Cubicle Parties.

## FIFTH AFFIMATIVE DEFENSE
### (No Damage)

108.    The relief for which Rubik's prays in the RC is, in whole or in part, unavailable, because, without admitting that any purported Claim For Relief in the RC is valid, no act alleged to have been carried out by or with respect to the Cubicle Parties has caused any damage or injury in any amount to Rubik's.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

109.    The doctrine of unclean hands bars, in whole or in part, all of the purported Claims For Relief in the RC against either and/or both of the Cubicle Parties.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

110.    The doctrine of laches bars, in whole or in part, all of the purported Claims For Relief in the RC against either and/or both of the Cubicle Parties.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

111.    Rubik's' failure to mitigate its purported damages, if any, bars, in whole or in part, all of the purported Claims For Relief in the RC against either and/or both of the Cubicle Parties.

## NINTH AFFIRMATIVE DEFENSE
### (Duplicative Claims)

112.    Without admitting that any of the purported Claims For Relief in the RC against either and/or both of the Cubicle Parties is valid, Rubik's' remedies are limited to the extent that it seeks overlapping and/or duplicative recoveries upon any of the purported Claims For Relief in the RC against either and/or both of the Cubicle Parties owing to any alleged single wrong committed by either and/or both of the Cubicle Parties.

## TENTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

113.    Neither of the Cubicle Parties has infringed any of Rubik's' purported trademark registrations under federal or state laws.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

114.    Assuming, *arguendo*, that either and/or both of the Cubicle Parties have infringed

any of Rubik's' purported trademark registrations, that infringement was wholly innocent and

bars, in whole or in part, all of the purported Claims For Relief in the RC against either and/or

both of the Cubicle Parties.

## TWELFTH AFFIRMATIVE DEFENSE
### (Abandonment)

115.    Rubik's' abandonment of its purported trademark registrations bars, in whole or

in part, all of the purported Claims For Relief in the RC against either and/or both of the Cubicle

Parties.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Third-Party Use)

116.    Other parties' use of Rubik's' purported trademark registration bars, in whole or

in part, all of the purported Claims For Relief in the RC against either and/or both of the Cubicle

Parties.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Utilitarian Functionality)

117.    Rubik's' purported '094 Registration is invalid and not entitled to trademark

protection, because it is functional on a utilitarian basis.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Genericness/Lack of Distinctiveness)

118.    Rubik's' purported '094 Registration and '974 Registration are not entitled to

trademark protection, because (i) whatever distinctiveness, if any, those purported Registrations

may once have had has been lost, and (ii) Rubik's' puzzle cube design and the term "Rubik's

Cube" are not source-identifying and are thus generic and not distinctive.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Trademark Misuse/Unlawful Use)

119.    Rubik's' purported '094 Registration and '974 Registration are invalid and are not

entitled to trademark protection, because Rubik's has wrongfully and unlawfully used and

misused those purported Registrations.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Fraud on the U.S.P.T.O. - - Procurement/Registration)

120.    Rubik's and/or its predecessors-in-interest and/or its successors-in-interest

fraudulently obtained the purported '094 Registration, because Rubik's and/or its predecessors-

in-interest and/or its successors-in-interest failed to disclose a material issue of fact to the

Trademark Examiner upon said Examiner's request; to wit, Rubik's and/or its predecessors-in-

interest and/or its successors-in-interest should have turned over the patents obtained in or about

1977 in Hungary, in or about 1981 in Belgium, and in or about 1983 in the United States upon

said Examiner's request for the same. And, Rubik's also failed to disclose the utilitarian

functionality of its puzzle cube design to the Examiner and USPTO during the application

process for procurement of said Registration.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Fraud on the U.S.P.T.O. - - Renewals)

121.    Rubik's' purported '094 Registration and '974 Registration are invalid and are not

entitled to trademark protection, because Rubik's and/or its successors-in-interest and/or its

predecessors-in-interest failed to disclose that its purported marks had become generic as of

Rubik's' and/or its successor-in-interest's and/or its predecessors-in-interest's applications for

renewal of both such purported Registrations, and because Rubik's and/or its successors-in-interest and/or its predecessors-in-interest failed to disclose that its '094 Registration and '974 Registration had been abandoned as of said applications, and because Rubik's and/or its successors-in-interest and/or its predecessors-in-interest failed to disclose the utilitarian functionality of the '094 Registration as of said applications.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Nominative Fair Use)

122.    The doctrine of nominative fair use bars, in whole or in part, all of the purported Claims For Relief in the RC against either and/or both of the Cubicle Parties.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Fair Use)

123.    The doctrine of fair use bars, in whole or in part, all of the purported Claims For Relief in the RC against either and/or both of the Cubicle Parties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (First Amendment)

124.    The First Amendment to the Constitution of the United States bars, in whole or in part, all of the purported Claims For Relief in the RC against either and/or both of the Cubicle Parties.

125.    **WHEREFORE**, the Cubicle Parties respectfully demand Judgment in their favor, dismissing with prejudice all of the purported Counterclaims in the RC against them, and granting the Cubicle Parties their costs, attorneys' fees, pre-Judgment and post-Judgment interest, and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      June 19, 2018

**BARTON LLP**

By: _____
     James J. McGuire
     Maurice N. Ross

420 Lexington Avenue, 18th Floor
New York, NY 10170
jmcguire@bartonesq.com
mross@bartonesq.com
*Tel.:*  (212) 687-6262
*Fax:*  (212) 687-3667

*Attorneys for Cubicle Enterprises
LLC, d/b/a TheCubicle, and
Phillip Yu*